Citation Nr: 1550134 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 12-30 925A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida



THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).



WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

J. H. Nilon, Counsel



INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 U.S.C.A. § 7107(a)(2) (West 2014) and 38 C.F.R. § 20.900(c) (2015). 

The Veteran served on active duty from January 1955 to January 1959.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a December 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO).

In August 2013 the Veteran testified before the undersigned Veterans Law Judge in a Travel Board hearing at the RO. A transcript of his testimony is of record.

The Board notes that during the pendency of the appeal, the Veteran attempted to change his representative to American Legion. However, the American Legion declined to accept representation of the Veteran in this active appeal. The Veteran was advised of this in an October 2015 letter that was mailed to his current address of record. It appears the letter was returned as undeliverable, and there is no new address available. Thus, the Board will consider the Veteran unrepresented. 

In October 2013 the Board remanded the issue of entitlement to TDIU to the Agency of Original Jurisdiction (AOJ) for additional development, which has been accomplished. Stegall v. West, 11 Vet. App. 268, 271 (1998).


FINDING OF FACT

The Veteran's service-connected disabilities do not render him unable to obtain and maintain gainful employment consistent with his education, training and work experience.




CONCLUSION OF LAW

The requirements to establish entitlement to a TDIU have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.16 (2015).




REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

Under the Veterans Claims Assistance Act of 2000 (VCAA) VA has a duty to notify and assist a claimant in the development of a claim. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2015).

The notice requirements of the VCAA require VA to notify a claimant of what information or evidence is necessary to substantiate the claim; what subset of the necessary information or evidence, if any, the claimant is to provide; and what subset of the necessary information or evidence, if any, the VA will attempt to obtain. 38 C.F.R. § 3.159(b) (2015). 

The Veteran received complete notification of the elements to show entitlement to a TDIU by letter in February 2011 and June 2011, and he had ample opportunity to respond prior to issuance of the December 2011 rating decision on appeal. Pelegrini v. Principi, 18 Vet. App. 112 (2004); Dingess v. Nicholson, 19 Vet. App. 473 (2006). 

Concerning the duty to assist, the record also reflects that VA has made reasonable efforts to obtain relevant records adequately identified by the Veteran including post-service treatment VA and private treatment records and VA examination reports. The AOJ requested disability records from the Social Security Administration (SSA) but that agency advised VA in writing that the Veteran's disability records had been destroyed. The Veteran has not identified any additional treatment records that should be obtained before the appeal is adjudicated. 

As noted in the Introduction, the Board remanded the case to the AOJ in October 2013 for additional development; specifically, the Board directed the AOJ to obtain an adequate medical opinion in regard to the Veteran's employability and then to readjudicate the claim. The AOJ obtained a compliant medical opinion in April 2014 and readjudicated the case in June 2014. The Board finds there has been substantial compliance with the prior remand instructions and no further action is necessary. See D'Aries v. Peake, 22 Vet. App. 97 (2008) (holding that only substantial, and not strict, compliance with the terms of a Board remand is required pursuant to Stegall).

The Veteran has been afforded hearing before the Board. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) requires the Veterans Law Judge (VLJ) who chairs a hearing to explain the issues and to suggest the submission of evidence that may have been overlooked. Here, the presiding VLJ identified the issue to the Veteran, and the Veteran testified as to his symptoms, treatment history and employment history. The Veteran has not asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2), nor has he identified any prejudice in the conduct of the Board hearing. The hearing focused on the elements necessary to substantiate the claim, and the Veteran provided testimony relevant to those elements. As such, the Board finds that no further action pursuant to Bryant is necessary, and the Veteran is not prejudiced by a decision at this time.

Based on a review of the claims file, the Board finds that there is no indication in the record that any additional evidence relevant to the issues to be decided herein is available and not part of the claims file. See Mayfield v. Nicholson, 499 F.3d 1317 (Fed. Cir. 2007). Therefore, the Board finds that duty to notify and duty to assist have been satisfied and will proceed to the merits of the issue on appeal.


Evidence and Analysis

It is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. 38 C.F.R. § 4.16. A finding of total disability is appropriate, "when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation." 38 C.F.R. §§ 3.340(a)(1), 4.15.

A TDIU may be assigned, if the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that if there is only one such disability it is ratable at 60 percent or more, and that if there are two or more such disabilities at least one is ratable at 40 percent or more and the combined rating is 70 percent or more. 38 C.F.R. § 4.16(a).

For the purpose of one 60 percent disability, or one 40 percent disability in combination, the following will be considered as one disability: (1) disabilities of one or both upper or lower or one or both lower extremities, including the bilateral factor if applicable; (2) disabilities resulting from a common etiology or a single accident; (3) disabilities affecting a single body system, e.g., orthopedic, digestive, respiratory, cardiovascular-renal, neuropsychiatric; (4) multiple injuries incurred in action; or, (5) multiple disabilities incurred as a prisoner of war. 38 C.F.R. § 4.16(a).

However, because it is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated as totally disabled, rating boards should submit to the Director, Compensation and Pension Services, for extraschedular consideration all cases of veterans who are unemployable by reason of service-connected disabilities but who fail to meet the percentage standards set forth in 38 C.F.R. § 4.16(a). See 38 C.F.R. § 4.16(b). 


For a veteran to prevail on a TDIU claim, the record must reflect some factor that takes the claimant's case outside the norm. The sole fact that a veteran is unemployed or has difficulty finding employment is not enough, since a high rating in itself is recognition that the impairment makes it difficult to obtain and keep employment; the question is whether the claimant is capable of performing the physical and mental acts required for employment, not whether the claimant can find employment. See Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993). 

Consideration may be given to the veteran's education, training, and special work experience, but not to his age or to impairment caused by nonservice-connected disabilities. Id.; see also 38 C.F.R. §§ 3.341, 4.16, 4.19.

The Board has reviewed all the evidence in the record. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that all the evidence submitted by the appellant or obtained on his behalf be discussed in detail. Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claims file shows, or fails to show, with respect to the claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under the laws administered by VA. VA shall consider all information and medical and lay evidence of record. Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

The Veteran is service connected for the following disabilities: residuals of cold weather injury to the left and right lower extremities, each rated as 20 percent disabling; residuals of cold weather injuries to the left and right upper extremities, each rated as 10 percent disabling; bilateral hearing loss, rated as 10 percent disabling; and, tinnitus, rated as 10 percent disabling. His combined evaluation for service-connected disabilities is 60 percent. 

The Veteran's disabilities of the upper and lower extremities have a common etiology. However, when combined under the Combined Ratings Table at 38 C.F.R. § 4.25 they do not result in a single disability rating of 60 percent, even with application of the bilateral factor of 38 C.F.R. § 4.26. Accordingly, the Veteran's disabilities do not meet the schedular criteria for TDIU under 38 C.F.R. § 4.16(a).

The Veteran submitted a Statement in Support of Claim in January 2011 asserting that because of his service-connected cold injury residuals he was unable to stand, walk very far or engage in physical activities for any length of time. He also stated that he did not have the physical capacity to engage in sedentary employment and that he did not have the requisite training and skills for desk work.

The Veteran had a VA cold weather protocol examination in January 2011 in which he reported a previous work history as brick mason, from which he retired in 2006 in order to tend to his wife. Examination showed the Veteran to have normal gait and carriage and minimal functional impairment of the hands and feet. The examiner, a physician, stated that the Veteran's cold weather residuals caused no occupational impairment and no impairment of activities of daily living (ADLs).

The Veteran submitted a VA Form 21-8940 (Veterans Application for Increased Compensation based on Unemployability) in February 2011. He indicated thereon that he had an educational background of 2 years high school and no other education or training. He cited a 20-year history of working as a bricklayer and stated he was currently unable to work due to pain in the toes of both feet. The Veteran stated he had last worked full time in June 2005. In an accompanying Statement in Support of Claim the Veteran stated that in addition to laying bricks he had assisted in determining whether electronic surveillance devices were planted in the masonry.

A June 2001 testimonial by a Site Security Manager of a United States Embassy states that the Veteran had successfully performed duties as Construction Surveillance Technician (CST) in the Embassy, and that in the testator's opinion the Veteran was capable of acting as a CST Team Leader in future operations. 

The Veteran submitted another VA Form 21-8940 in June 2011, this time stating that he had last worked full time in October 2006, in the capacity of inspector for a private security company. In an accompanying Statement in Support of Claim, the Veteran asserted he would not be able to work as a department store greeter or grocery bagger, these being two jobs customarily offered to older workers, because he was unable to stand for long, and that he was no longer able to work as a bricklayer and had no computer or other skills required for gainful sedentary labor. 

In a subsequent June 2011 Statement in Support of Claim the Veteran asserted that employers are reluctant to hire older workers at anything other than a part-time basis, which makes it difficult for him to find gainful work.

The Veteran presented to the VA ambulatory care clinic in September 2011 to follow up his various medical problems. Examination of the skin showed no rashes or significant lesions; musculoskeletal and neurological examinations were grossly normal. 

The Veteran had another VA cold weather protocol examination in November 2011 in which he complained of numbness and aching in both feet and both hands. Examination showed no loss of sensation in the upper or lower extremities; the Veteran's gait and motor strength were normal and there were no abnormalities of the skin other than thickened nails on the great toes. The examiner also performed a general medical examination and noted observations in detail. The examiner stated that based on the Veteran's service-connected disabilities he was employable.

The Veteran submitted a Statement in Support of Claim in February 2012 asserting that due to his service-connected cold weather residuals he was unable to do any work requiring any amount of standing or walking, or manual dexterity.

The Veteran testified before the Board in August 2013 that he had last worked in 1991, as a bricklayer, and he felt that he would now be unable to work a normal 8-hour day due to pain in his hands and feet. 

In April 2014 the VA examiner who performed the November 2011 examination cited above submitted an addendum opinion stating that neurological examination of the Veteran had been unremarkable, and review of medical treatment records since that examination showed no chronic disability. Accordingly, based solely on service-connected disabilities, the Veteran is capable of gainful employment.

A May 2014 VA nursing note states that in terms of activities of daily living (ADLs) the Veteran endorsed being able to use the telephone, do his own shopping and laundry, do his own housework (other than "heavy domestic chores") and travel independently by public transportation or drive his own car.

On review of the evidence of record, the Board finds the Veteran is not shown to be rendered unable, due to his service-connected disabilities, to obtain and maintain gainful employment. The Veteran principally asserts that he cannot work because he is unable to stand or walk, but his gait has been noted as "normal" in every clinical evaluation of record and there is no clinical indication of weakness or loss of motion in any extremity or joint. The Veteran also cites numbness and paresthesias that impair his manual dexterity, but neurological examination during the course of the appeal has not shown any sensory impairment.

In addition to the service-connected peripheral neuropathies addressed above the Veteran has service-connected bilateral hearing loss and tinnitus. His most recent VA audiological evaluation was performed in May 2014, and resulted in increased disability rating for hearing loss from 10 percent to 20 percent. The audiologist stated that the Veteran's hearing loss and tinnitus disabilities do not impact his ordinary conditions of daily life, including his ability to work.

The Veteran asserts that he does not have the training or experience to perform any work other than heavy manual labor as a bricklayer, but the June 2001 letter from the Site Security Manager demonstrates that the Veteran is capable of performing duties at the supervisory level. The Board acknowledges the Veteran's assertion that it is difficult for an older worker to obtain such employment, but the Board may not consider the Veteran's age as a factor in determining eligibility for TDIU. Van Hoose, 4 Vet. App. at 363. Further, the question is whether the Veteran is capable of performing the physical and mental acts required for employment, not whether he can actually find employment. Id.

The ultimate question of whether a veteran is capable of substantial gainful employment is not a medical one; rather, that assessment is for the VA adjudicator. Moore v. Nicholson, 21 Vet. App. 211, 218 (2007), rev'd on other grounds sub. nom. Moore v. Shinseki, 555 F.3d 1369 (Fed. Cir. 2009). However, the Board places great probative value on the opinions of the VA medical examiner and the VA audiologist, both of whom stated that the respective service-connected disabilities do no render the Veteran unemployable. In that regard, VA's duty to assist does not require obtaining a single medical opinion regarding the combined impact of all service-connected disabilities, since applicable regulations place responsibility for the ultimate TDIU determination on VA adjudicators, not a medical examiner. Geib v. Shinseki, 733 F.3d 1350 (Fed. Cir. 2013).

In sum, the Board finds the most probative evidence indicates the Veteran's service-connected disabilities do not render him unable to obtain and maintain gainful employment consistent with his education, training and work experience. Accordingly, the criteria for entitlement to TDIU are not met, referral for extraschedular consideration by the Director of Compensation and Pension 
Service is not required, and the claim for TDIU is denied. 

In reaching the above conclusion, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C.A. § 5107(b) (West 2014); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert, 1 Vet. App. 49, 55-56.



ORDER

Entitlement to a TDIU is denied.



____________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs