http://www.va.gov/vetapp16/Files6/1644935.txt

Citation Nr: 1644935 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 15-46 375 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York

THE ISSUES

1. Entitlement to an increased initial evaluation in excess of 10 percent for service-connected tinnitus.

2. Entitlement to an effective date earlier than August 26, 2011 for the grant of service-connection for tinnitus.

ATTORNEY FOR THE BOARD

R. Dodd, Counsel

INTRODUCTION

The Veteran had active service from February 1955 to February 1957. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision in June 2013, which granted the Veteran service connection for tinnitus with an evaluation of 10 percent effective August 26, 2011.

The Veteran was previously represented by the organization Disabled American Veterans (DAV) in his appeal. However, in a signed July 2013 correspondence from the Veteran, he revoked his representation by DAV. This was also confirmed via a correspondence from DAV in July 2013. As such, the Board finds that the Veteran is currently unrepresented in this matter and adjudication shall proceed accordingly under such disposition.

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDINGS OF FACT

1. Throughout the appeal period, the Veteran is assigned a 10 percent evaluation for his tinnitus under Diagnostic Code 6260; the schedular criteria is adequate to describe the Veteran's disability picture manifested by his tinnitus and is not unusual or exceptional, nor does that disability result in frequent periods of hospitalization or marked interference with employment.

2. On August 26, 2011, the RO received the Veteran's claim for entitlement to service connection for tinnitus.

3. By a June 2013 rating decision, the RO granted the Veteran service connection for tinnitus with an evaluation of 10 percent effective August 26, 2011, the date of claim.

4. There is no earlier communication than August 26, 2011 contained in the claims file from the Veteran showing evidence of an intention to file a claim for tinnitus.

CONCLUSIONS OF LAW

1. The criteria establishing an initial evaluation in excess of 10 percent for tinnitus have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. § 4.87, Diagnostic Code 6260 (2015).

2. The criteria for an effective date earlier than August 26, 2011 for the grant of service connection for tinnitus are not met. 38 U.S.C.A. § 5110 (West 2014); 38 C.F.R. §§ 3.159, 3.400(b)(2)(i) (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

Under the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to VA has a duty to notify the Veteran of the information and evidence necessary to substantiate the claims submitted, the division of responsibilities in obtaining evidence, and assistance in developing evidence, pursuant to the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. § 5103 (a); 38 C.F.R. § 3.159 (b). 

In a claim for an increased evaluation, the VCAA requirement is generic notice: the type of evidence needed to substantiate the claim, which consists of evidence demonstrating a worsening or increase in severity of the disability and the effect that worsening has on employment, as well as general notice regarding how disability ratings and effective dates are assigned. Vazquez-Flores v. Shinseki, 580 F.3d 1270 (Fed. Cir. 2009). 

However, for initial rating claims, where entitlement to disability benefits has been granted and initial ratings have been assigned, the original claims have been more than substantiated, as they have been proven, thereby rendering 38 U.S.C.A. § 5103 (a) notice no longer required because the purpose that the notice was intended to serve has been fulfilled. Furthermore, once a claim for entitlement to benefits has been substantiated, the filing of a notice of disagreement with the rating of the disability does not trigger additional 38 U.S.C.A. § 5103 (a) notice. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 490-491 (2006); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). As such, VA's duty to notify with regard to the issue of an increased initial evaluation and early effective date for tinnitus is deemed to be met. No additional discussion of the duty to notify with regard to these claims is required.

Additionally, all relevant facts have been properly developed, and all evidence necessary for equitable resolution of the issue resolved in this decision is of record. The Veteran's service treatment records and private medical records have been obtained. In addition, he was afforded a VA audiological examination. The Board has reviewed the examination report and finds that it is adequate because the examiner reviewed the claims file; discussed the Veteran's pertinent medical history and current complaints; clinically examined the Veteran, reported all findings in detail; and provided detailed rationale in support of the determinations. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007); Stefl v. Nicholson, 21 Vet. App. 120, 124-25 (2007) (holding that an examination is considered adequate when it is based on consideration of the veteran's prior medical history and examinations and also describes the disability in sufficient detail so that the Board's evaluation of the disability will be a fully informed one). 

In sum, the Veteran was provided with a meaningful opportunity to participate in the development of the claim decided below, and he has done so. Accordingly, the Board concludes that all reasonable efforts have been made by VA to obtain evidence necessary to substantiate the claim resolved in this decision, and no further assistance is required. See Pelegrini v. Principi (Pelegrini II), 18 Vet. App. 112, 120-21 (2004); Conway v. Principi, 353 F.3d 1369, 1374 (Fed. Cir. 2004); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006); see also ATD Corp. v. Lydall, Inc., 159 F.3d 534, 549 (Fed. Cir. 1998). 

Legal Criteria

Increased Ratings

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Rating Schedule) and are intended to represent the average impairment of earning capacity resulting from disability. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.1 (2015). Separate diagnostic codes identify the various disabilities. Disabilities must be reviewed in relation to their history. 38 C.F.R. § 4.1. Other applicable, general policy considerations are: interpreting reports of examination in light of the whole recorded history, reconciling the various reports into a consistent picture so that the current rating may accurately reflect the elements of disability, 38 C.F.R. § 4.2 (2015); resolving any reasonable doubt regarding the degree of disability in favor of the claimant, 38 C.F.R. § 4.3 (2015); where there is a question as to which of two evaluations apply, assigning a higher of the two where the disability picture more nearly approximates the criteria for the next higher rating, 38 C.F.R. § 4.7 (2015); and, evaluating functional impairment on the basis of lack of usefulness, and the effects of the disability upon the person's ordinary activity, 38 C.F.R. § 4.10 (2015). See Schafrath v. Derwinski, 1 Vet. App. 589 (1991).

Where, as in this case, the current appeal is based on the assignment of an initial rating for a disability following a grant of service connection, the evidence contemporaneous with the claim and the initial rating decision are most probative of the degree of disability existing when the initial rating was assigned and should be the evidence used to decide whether an original rating on appeal was erroneous. See Fenderson v. West, 12 Vet. App. 119, 126 (1999). If later evidence indicates that the degree of disability increased or decreased following the assignment of the initial rating, "staged" ratings may be assigned for separate periods of time. Id. When adjudicating a claim for an increased-initial evaluation, the relevant time period is from the date of the claim. Moore v. Nicholson, 21 Vet. App. 211, 215 (2007), rev'd in irrelevant part, Moore v. Shinseki, 555 F.3d 1369 (2009).

The Board must also determine whether the schedular evaluation is inadequate, thus requiring that the RO refer a claim to the Chief Benefits Director or the Director, Compensation and Pension Service, for consideration of "an extra-schedular evaluation commensurate with the average earning capacity impairment due exclusively to the service-connected disability or disabilities." 38 C.F.R. § 3.321 (b)(1) (2015). An extra-schedular evaluation is for consideration where a service-connected disability presents an exceptional or unusual disability picture. An exceptional or unusual disability picture occurs where the diagnostic criteria do not reasonably describe or contemplate the severity and symptomatology of the Veteran's service-connected disability. Thun v. Peake, 22 Vet. App. 111, 115 (2008). If there is an exceptional or unusual disability picture, then the Board must consider whether the disability picture exhibits other factors such as marked interference with employment or frequent periods of hospitalization. Id. at 115-116. When either of those elements has been satisfied, the appeal must be referred for consideration of the assignment of an extraschedular rating. Otherwise, the schedular evaluation is adequate, and referral is not required. 38 C.F.R. § 3.321 (b)(1); Thun, 22 Vet. App. at 116.

The Veteran's tinnitus is rated as 10 percent disabling under the diagnostic code for that condition in accordance with the General Rating Formula for the Ear. 38 C.F.R. § 4.87, Diagnostic Code 6260.

Earlier Effective Date

Under the laws administered by VA, the effective date based on an initial claim for compensation is the day following separation from active service or date entitlement arose if the claim is received within one year after separation from service; otherwise, date of receipt of claim, or date entitlement arose, whichever is later. 38 U.S.C.A. § 5110; 38 C.F.R. § 3.400 (b)(2).

VA must look to all communications from a claimant that may be interpreted as applications or claims - formal and informal - for benefits and is required to identify and act on informal claims for benefits. Servello v. Derwinski, 3 Vet. App. 196, 198 (1992).

In making all determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on the onset and recurrent symptoms. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a Veteran is competent to report on that of which he or she has personal knowledge). Lay evidence can also be competent and sufficient evidence of a diagnosis or to establish etiology if (1) the layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). When considering whether lay evidence is competent the Board must determine, on a case by case basis, whether the Veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau, 492 F.3d at 1377 (holding that "[w]hether lay evidence is competent and sufficient in a particular case is a factual issue to be addressed by the Board").

The claimant bears the burden of presenting and supporting his/her claim for benefits. 38 U.S.C.A. § 5107 (a). See Fagan v. Shinseki, 573 F.3d 1282 (Fed. Cir. 2009). The Board shall consider all information and lay and medical evidence of record. 38 U.S.C.A. § 5107 (b). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Board shall give the benefit of the doubt to the claimant. Id; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Analysis

Increased Rating

The Veteran's service-connected tinnitus is currently evaluated as 10 percent disabling, which is the maximum evaluation available under Diagnostic Code 6260. See 38 C.F.R. § 4.87 (2015); see also Smith v. Nicholson, 451 F.3d 1344 (Fed. Cir. 2006) (VA's interpretation of its own regulations, 38 C.F.R. § 4.25 (b) and Diagnostic Code 6260, limits a Veteran to a single disability rating for tinnitus, regardless of whether the tinnitus is unilateral or bilateral); VAOPGCPREC 2-2003 (Diagnostic Code 6260 authorizes a single schedular 10 percent disability rating for tinnitus, regardless of whether the tinnitus is perceived as unilateral or bilateral). Where, as here, there is a lack of entitlement under the law, the claim for a schedular evaluation in excess of 10 percent, to include separate schedular ratings, for tinnitus is denied. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). 

Throughout the appeal, the Veteran has averred that his tinnitus has been a continuous problem since his separation from military service. In particular, the Veteran has claimed complaints of loud and clear ringing that has never resolved since leaving military service. The Veteran has not provided any indication of marked interference with employment or frequent periods of hospitalization, nor is that seen in the medical treatment records, which merely reflect that the Veteran has documented complaints of tinnitus during the period of appeal.

Regarding extraschedular consideration, in this case, the schedular evaluation is adequate. The medical evidence of record reflects the manifestations of the Veteran's tinnitus disability in this case. The disability picture described above is not unusual or exceptional, and the diagnostic criteria adequately describe the severity and symptomatology of the Veteran's disorder. Moreover, the Veteran's tinnitus has not led to frequent hospitalizations in this case, nor is there any evidence that the Veteran has marked interference with employment as a result of his tinnitus disability. Accordingly, as the rating schedule is adequate to evaluate the disability, referral for extraschedular consideration is not in order. 

In reaching the above conclusion, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C.A. § 5107 (b) (West 2014); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert, 1 Vet. App. 49, 55-56 (1990).

Early Effective Date

The Veteran contends that an effective date earlier than August 26, 2011, for the grant of service connection for tinnitus is warranted. In this regard, he contends that he should be afforded compensation for the period of time prior to his August 26, 2011 grant of service connection for the difficulties he has endured due to this disability since leaving military service.

In a correspondence received by VA on August 26, 2011, which included a VA Form 21-526, Veterans Application for Compensation or Pension, and a separate letter, the Veteran initiated a claim for tinnitus. Although both the documents included in the received correspondence were dated August 25, 2011, they had not actually been marked as received by VA until August 26, 2011. By a June 2013 rating decision, the RO granted the Veteran service connection for tinnitus with an evaluation of 10 percent effective August 26, 2011, the date of claim. The Veteran then filed a notice of disagreement (NOD) on June 2014, was provided a statement of the case (SOC) on October 2015, and perfected his appeal with the timely submission of a VA Form 9 (Substantive Appeal) on December 2015. The present appeal, thus, stems from the Veteran's August 26, 2011 claim.

Because the effective date for the Veteran's tinnitus was an initial claim for compensation, such date would be determined to be the day following separation from active service or date entitlement arose if the claim is received within one year after separation from service; otherwise, date of receipt of claim, or date entitlement arose, whichever is later. 38 U.S.C.A. § 5110; 38 C.F.R. § 3.400 (b)(2). Here, the Veteran's August 26, 2011 claim was filed more than one year after leaving military service, so the date of claim is the appropriate effective date. 

The Board has reviewed the claims file and found no evidence of communications dated prior to the August 26, 2011 claim. The Board must read a Veteran's claim and documents in a liberal manner to identify and adjudicate all reasonably raised claims. A review of the record in this case does not show that the Veteran expressly raised a claim of service connection for tinnitus prior to the claim received on August 26, 2011. Nor does the record indicate a claim that could be reasonably construed as a service connection claim for tinnitus prior to August 26, 2011. Although the record clearly reflects that the Veteran has suffered from tinnitus for many years after service, it does not contain medical evidence discussing this condition or relating this disability to service until April 2004, in a private medical record that was not received by VA until October 2011. As such, prior to August 26, 2011, the record contained no evidence indicating that the Veteran had a well-supported claim of service connection for tinnitus. This is especially true because there is actually no evidence in the claims file whatsoever prior to August 26, 2011. 

Additionally, even though the Veteran's original claim and supporting documents were dated August 25, 2011, the date that VA receives such documentation is the date used for determining the effective date. 38 U.S.C.A. § 5110; 38 C.F.R. § 3.400 (b)(2). Therefore, August 26, 2011 is the appropriate effective date as that was the date upon which the Veteran's claim was actually received by VA.

The Board reasonably concludes that the Veteran's August 26, 2011 claim was the first attempt to notify VA that he was seeking service connection for tinnitus. See Bastien v. Shinseki, 599 F.3d 1301, 1306 (Fed. Cir. 2010). In summary, the Board concludes that an effective date earlier than August 26, 2011, for a grant of service connection for tinnitus is not warranted.

 (CONTINUED ON NEXT PAGE)

ORDER

Entitlement to an increased initial evaluation in excess of 10 percent for service-connected tinnitus is denied.

Entitlement to an effective date earlier than August 26, 2011 for the grant of service-connection for tinnitus is denied.

____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs