# United States Court of Appeals for the Federal Circuit

2007-7306

DWAYNE A. MOORE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI,
Secretary of Veterans Affairs,

Respondent-Appellee.

Daniel P. Graham, Wiley Rein LLP, of Washington, DC, argued for claimant-appellant.

Claudia Burke, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief was David J. Barrans, Deputy Assistant General Counsel, Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2007-7306

DWAYNE A. MOORE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-2386, Judge Alan G. Lance, Sr.

_____

DECIDED:  February 10, 2009

_____

Before MAYER and DYK, <u>Circuit Judges</u>, and HUFF,* <u>District Judge</u>.

MAYER, <u>Circuit Judge</u>.

Dwayne A. Moore appeals the judgment of the United States Court of Appeals

for Veterans Claims ("Veterans Court") which affirmed a Board of Veterans'

_____

* Honorable Marilyn L. Huff, District Judge, United States District Court for the Southern District of California, sitting by designation.

Appeals decision denying his request for a higher disability rating.  See Moore v. Nicholson, 21 Vet. App. 211 (2007) ("2007 Veterans Court Decision").  Because we conclude that the Department of Veterans Affairs ("VA") erred in failing to obtain Moore's service medical records before making a determination as to the severity of his psychiatric disability, we reverse and remand.

BACKGROUND

Moore served on active duty in the military from May 1988 to February 1991.  While in the service, Moore made superficial lacerations to his wrists and was hospitalized in the psychiatric ward of Tripler Army Medical Center ("Tripler") from December 29, 1990, to January 3, 1991.  Following his discharge, a staff psychiatrist concluded that Moore suffered from "a severe personality disorder which render[ed] him a danger to himself and/or others" and recommended that he be separated from the service on an "expeditious" basis.  Soon thereafter, Moore was given a "general medical discharge" from the military.  In September 1992, Moore filed a claim seeking service-connected disability benefits for his psychiatric disorder.  The VA Regional Office ("RO") initially denied his claim.  In 1999, however, after a series of psychiatric evaluations, Moore was granted service-connected benefits and assigned a 10 percent disability rating, effective September 16, 1992.  In evaluating the extent of his psychiatric disability, the RO noted that prior to his discharge from the service, Moore "was reported to have gone 'berserk' and to have made superficial lacerations on his wrists."  The RO concluded, however, that a disability rating higher than 10 percent was not warranted because a "VA examination dated in November of 1996 revealed that the

event leading up to the veteran's discharge was a single episode that was now resolved."

Moore then appealed to the board. In August 2004, the board increased his disability rating to 30 percent for the period from January 27, 1997, to August 7, 2002, and to 50 percent for the period after August 8, 2002. The board held, however, that Moore was not entitled to a disability rating greater than 10 percent for the period from September 16, 1992, to January 26, 1997, concluding that he suffered from only "mild social and industrial impairment" during that period.

On appeal to the Veterans Court, Moore challenged the 10 percent disability rating for the period from September 16, 1992, to January 26, 1997, the 30 percent rating for the period from January 27, 1997, to August 7, 2002, and the 50 percent rating for the period beginning on August 8, 2002. He argued that the VA had an affirmative obligation, pursuant to 38 U.S.C. § 5103A, to obtain the medical records from his hospitalization at Tripler prior to making any rating determinations. In Moore's view, such records would have given the VA "a more complete picture" of the extent of his psychiatric disability. 2007 Veterans Court Decision, 21 Vet. App. at 214.

The Veterans Court rejected Moore's contentions. It held that the VA was not obligated to obtain his Tripler medical records because even if those records had been obtained they "would not help his claim." Id. at 215. The relevant issue, according to the court, was the extent of Moore's disability in the period after September 16, 1992, and in order to resolve that issue the board properly relied upon evidence relating to his disability during that period. The court further noted that the record contained a "description of [Moore's] in-service symptoms" that was prepared eleven days after he

was discharged from Tripler and that he had failed to establish how the Tripler hospitalization records would be "meaningfully different" from the records the VA had already obtained. Id. at 216. Although the court acknowledged that it did not know "the precise content" of the Tripler hospitalization records, it concluded that failure to obtain them did not constitute reversible error since the record contained "substantial direct evidence" of the extent of Moore's psychiatric disability in the period after September 16, 1992. Id. at 217.

Judge Kasold dissented, asserting that the Tripler medical records were "relevant on their face" and should have been obtained by the VA prior to making any rating determination. 2007 Veterans Court Decision, 21 Vet. App. at 221 (Kasold, J., dissenting). He noted that the VA was required, pursuant to 38 C.F.R. § 4.1, to evaluate a disability "in relation to its history" and that the VA could not have properly evaluated Moore's claim for disability compensation because "a significant part of [his] medical history relevant to his psychiatric disability is simply missing." 2007 Veterans Court Decision, 21 Vet. App. at 222 (Kasold, J., dissenting).

Moore then timely appealed. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

This court has authority to review decisions of the Veterans Court regarding the "validity of any statute or regulation or any interpretation thereof" and to "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c); see Flores v. Nicholson, 476 F.3d 1379, 1381 (Fed. Cir. 2007). We review the interpretation of statutory provisions without deference. Stanley v. Principi, 283 F.3d 1350, 1354 (Fed. Cir. 2002); Howard v. Gober, 220 F.3d 1341,

1343 (Fed. Cir. 2000). "In cases where the material facts are not in dispute and the adoption of a particular legal standard would dictate the outcome of a veteran's claim, we treat the application of law to undisputed fact as a question of law." Conley v. Peake, 543 F.3d 1301, 1304 (Fed. Cir. 2008); see Groves v. Peake, 524 F.3d 1306, 1310 (Fed. Cir. 2008).

## I.

Moore argues that the VA had an affirmative obligation to obtain and evaluate the records of his hospitalization at Tripler prior to assigning him a disability rating. He contends that the Veterans Court misinterpreted 38 U.S.C. § 5103A when it held that service medical records are not relevant if they pre-date the period for which a veteran seeks disability compensation. We agree.

Section 5103A[1] requires the VA to "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim." An integral part of this "duty to assist" is the VA's obligation to obtain all of a veteran's relevant service medical records before adjudicating a claim for disability compensation:

> In the case of a claim for disability compensation, the assistance provided by the Secretary . . . shall include obtaining the following records if relevant to the claim: (1) The claimant's service medical records and, if the claimant has furnished the Secretary information sufficient to locate such

---

[1] In 1992, when Moore originally submitted his claim for benefits, the VA's duty to assist veterans was codified in 38 U.S.C. § 5107(a), which provided that "[t]he Secretary shall assist . . . a claimant in developing the facts pertinent to his or her claim." When Congress enacted section 5107(a), it "codified the VA's obligation to assist claimants, which had existed in 38 C.F.R. § 3.103(a) since 1972." Cook v. Principi, 318 F.3d 1334, 1337-38 n.4 (Fed. Cir. 2002) (en banc). The VA's duty to assist claimants is now codified at 38 U.S.C. § 5103A, which was added by the Veterans Claim Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096, 2097. However, 38 C.F.R. § 3.103(a), the regulation setting forth the duty to assist, remains unchanged. See Cook, 318 F.3d at 1338 n.4.

records, other relevant records pertaining to the claimant's active military, naval, or air service that are held or maintained by a governmental entity.

38 U.S.C. § 5103A(c)(1).

The Veterans Court held that the VA was not obligated to obtain and evaluate the records of Moore's hospitalization at Tripler before making a determination as to the degree of his psychiatric disability. In the court's view, the only pertinent issue was the degree of Moore's disability after September 16, 1992, the date he filed his initial claim for benefits, and the Tripler medical records were not relevant because they pre-dated the period for which he sought disability compensation:

> [T]he Court is not persuaded that the [service medical records] that [Moore] alleges should have been obtained would be relevant to any disputed issue, even if they were obtained. In other words, even if the [service medical records] were obtained and indicated that [Moore] displayed a symptom in service that was not observed in any of the postservice medical examinations, such records would not help his claim. He is simply not entitled to disability compensation for symptoms he experienced in service where those symptoms did not persist into the period for which he has been awarded compensation. The issue on appeal is what level of disability did [Moore] experience after September 16, 1992? To answer that question, the Board properly obtained and relied upon medical evidence from the period after September 16, 1992.

2007 Veterans Court Decision, 21 Vet. App. at 215 (citation omitted); see also Holliday v. Nicholson, No. 05-2899, 2007 U.S. App. Vet. Claims LEXIS 1225 (Vet. App. July 31, 2007) (citing the Veteran's Court decision in the present case for the proposition that "when only disability rating is at issue, medical records preceding [the] time period for which compensation has been awarded are not relevant").

The Veterans Court erred when it determined that Moore's service medical records were not relevant because they pre-dated the period for which he sought disability compensation. By regulation, the VA is specifically required to assess a disability "in relation to its history" when making disability ratings determinations:

> Over a period of many years, a veteran's disability claim may require reratings in accordance with changes in laws, medical knowledge and his or her physical or mental condition. It is thus essential, both in the examination and in the evaluation of disability, that each disability be viewed in relation to its history.

38 C.F.R. § 4.1.

"Different examiners, at different times, will not describe the same disability in the same language" and "a change for the better or worse" in a veteran's condition "may not be accurately . . . described" in a single report. See 38 C.F.R. § 4.2. Accordingly, "[i]t is the responsibility of the rating specialist to interpret reports of examination in the light of the whole recorded history, reconciling the various reports into a consistent picture so that the current rating may accurately reflect the elements of disability present." Id.; see also Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1991) (evaluating a current disability in light of its complete recorded history "operate[s] to protect claimants against adverse decisions based on a single, incomplete or inaccurate report").

Evaluation of a disability in light of its history is particularly important in the context of psychiatric disorders. Because "psychiatric disorders abate and recur," the VA is obligated to evaluate them "not by reference to isolated periods of activity or remission, but by assessing the effects of the disease or injury over the history of the condition." Davis v. Principi, 276 F.3d 1341, 1345 (Fed. Cir. 2002). Thus, VA regulations specifically provide that a rating for a psychiatric disorder must be "based on all the evidence of record that bears on occupational and social impairment rather than solely on the examiner's assessment of the level of disability at the moment of the examination." 38 C.F.R. § 4.126(a).

Although Moore is only entitled to disability compensation for the period after September 16, 1992, the date he filed his original claim for benefits, the clear mandate

of VA regulations is that a veteran's disability must be evaluated in light of its whole recorded history. Moore seeks disability compensation for "the very same disability" that led to his hospitalization in the psychiatric ward at Tripler and his "[e]xpeditious administrative separation" from the military. The Tripler hospitalization occurred less than two years before the period for which he seeks disability compensation, and the records of his lengthy in-patient stay presumably contain both detailed information regarding Moore's behavior and assessments from physicians regarding the severity of his underlying psychiatric disorder. See 2007 Veterans Court Decision, 21 Vet. App. at 221 (Kasold, J., dissenting) (noting that the records of Moore's Tripler hospitalization "likely are far more descriptive of his disability than other, non-hospitalization records"). Without obtaining and evaluating the Tripler records, the VA could not make a fully informed decision regarding the degree of Moore's psychiatric impairment. Cf. Schafrath, 1 Vet. App. at 594 ("Whether or not a disability has improved cannot be determined without reference to prior records detailing the history of the condition.").

## II.

On appeal, the government acknowledges that the Veterans Court erred to the extent it held that service medical records are not relevant if they pre-date the time for which a veteran is seeking disability compensation. See Br. of Respondent-Appellee at 8 ("[I]nsofar as the Veterans Court's decision suggests that medical records pre-dating the claim are categorically irrelevant, that suggestion is incorrect and could benefit from clarification upon remand."). The government asserts, however, that the VA's failure to obtain Moore's Tripler medical records was harmless error since: (1) the VA considered other documentation which summarized the Tripler hospitalization, and (2) Moore would

not have obtained a higher disability rating even if the VA had obtained and evaluated the Tripler records. We find neither argument persuasive.

A.

When evaluating Moore's psychiatric disability, the VA considered five pages of medical records produced shortly after he was discharged from Tripler. The fact that the VA considered some of the relevant records, however, does not excuse the fact that it failed to consider all of them. As discussed above, the VA is statutorily required to obtain all of the veteran's relevant service medical records, not simply those which it can most conveniently locate. See 38 U.S.C. § 5103A(c). Indeed, pursuant to 38 C.F.R. § 3.159(c)(2), the VA is specifically required to "make as many requests as are necessary to obtain" records that are in the possession of the federal government, such as a veteran's service medical records.

The record on appeal does not establish that the VA made any effort to obtain the service medical records after Tripler failed to produce them.[2] At oral argument, however, Moore's attorney, Daniel P. Graham, announced that he had just the day before obtained a copy of the Tripler records. Graham explained that the records had been "lost in the bowels" of the National Personnel Records Center ("NPRC") and that he had secured them only after repeated requests to both Tripler and the NPRC. We commend Graham, serving as counsel pro bono, for his tenacious efforts on his client's behalf. We are mindful, however, that many veterans must navigate the "labyrinthine corridors of the veterans' adjudicatory system" without the assistance of counsel. See

---

[2] Although the record contains a "Discharge Note" showing that Moore was discharged from Tripler on January 3, 1991, it is entirely possible that Moore was given a copy of this document when he left the hospital and that it was he, rather than the VA, who put a copy of it in the record.

<u>Comer v. Peake</u>, No. 2008-7013, 2009 U.S. App. LEXIS 668, at *16 (Fed. Cir. Jan. 16, 2009). Because many veterans lack the knowledge and resources necessary to locate relevant records, Congress has appropriately placed the burden on the VA to ensure that all relevant service medical records are obtained and fully evaluated. <u>See</u> 38 U.S.C. § 5103A(c)(1); <u>Hayre v. West</u>, 188 F.3d 1327, 1331 (Fed. Cir. 1999), <u>overruled on other grounds</u>, <u>Cook</u>, 318 F.3d at 1338-40 (The VA must "make <u>all possible efforts</u> to obtain and assess records relevant to an evaluation of [a veteran's] disability" (citation and internal quotation marks omitted) (emphasis in original)). It is shameful that the VA yet again failed in its duty to assist the veteran and, at best, poor judgment by the Department of Justice in defending the VA's actions.

B.

We likewise reject the government's assertion that Moore would not have obtained a higher disability rating even if the Tripler records had been obtained and evaluated. We fail to understand how the government, without examining the Tripler records, can have any idea as to whether they would, or would not, support Moore's claim for an increased disability rating. <u>See</u> <u>McGee v. Peake</u>, 511 F.3d 1352, 1358 (Fed. Cir. 2008) (Section 5103A "simply does not excuse the VA's obligation to fully develop the facts of [a] claim based on speculation as to the dispositive nature of relevant records.").

Furthermore, as Judge Kasold correctly noted, the Tripler records are "relevant on their face" because Moore is seeking disability compensation for the same disability that led to his in-patient stay in the Tripler psychiatric ward. <u>2007 Veterans Court Decision</u>, 21 Vet. App. at 221 (Kasold, J., dissenting). Given that Moore was

2007-7306                                                10

hospitalized after an apparent suicide attempt and was thereafter deemed unfit for retention in the military, the records of his hospitalization may well contain evidence that he suffers from a serious, and perhaps chronic, psychiatric disorder. Such records could potentially call into question the VA's conclusion that Moore suffered from only "mild social and industrial impairment" and was therefore entitled to no more than a 10 percent disability rating in the period after September 1992. Thus, contrary to the government's assertions, the Tripler records could well contain evidence sufficient to establish Moore's entitlement to increased disability benefits.

## CONCLUSION

Accordingly, the judgment of the United States Court of Appeals for Veterans Claims is reversed and the case remanded for further proceedings consistent with this opinion.

## COSTS

Costs to appellant.

## REVERSED AND REMANDED