Citation Nr: 1619685 
Decision Date: 05/16/16 Archive Date: 05/27/16

DOCKET NO. 14-10 616 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for chronic lymphocytic leukemia (CLL), to include as due to exposure to herbicides and other toxins.


REPRESENTATION

Appellant represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

Appellant and Appellant's Spouse


ATTORNEY FOR THE BOARD

Robert J. Burriesci, Counsel


INTRODUCTION

The Veteran served on active duty from January 1971 to February 1973. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a July 2012 rating decision by the Regional Office (RO) of the Department of Veterans Affairs (VA) in Nashville, Tennessee.

The Veteran and his spouse testified at a hearing before the undersigned Veterans Law Judge in February 2016. A transcript of the hearing has been associated with the claims file.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Review of the claims file reveals that the Veteran receives continuous VA treatment. In an unrelated rating decision, dated in March 2015, VA treatment records dated to February 2015 were noted to have been reviewed. However, the most recent VA treatment records associated with the claims file are dated in October 2014. On remand, attempts must be made to obtain and associate with the claims file complete VA treatment records regarding the Veteran that are dated since October 2014. See 38 C.F.R. § 3.159 (2015).

The Veteran reported that he was treated by private providers, Drs. J.A. and W., from 2008 to January 2012. A VA treatment note indicates that the Veteran was diagnosed with CLL in 2009 and was followed by the oncologist since then and managed conservatively. The Veteran reported that in January 2012 he sought treatment from VA due to worsening symptoms. Review of the claims file does not reveal that treatment records from Drs. J.A. and W. have been obtained and associated with the claims file. On remand, after obtaining any necessary authorization, attempts must be made to obtain and associate with the claims file complete treatment records regarding the Veteran from Drs. J.A. and W.

In a January 2012 VA treatment note the Veteran was reported to have Social Security Disability. It does not appear that an attempt has been made to obtain the records regarding this application. Because Social Security Administration (SSA) records are potentially relevant to the Board's determination, any available SSA records should be obtained on remand. Moore v. Shinseki, 555 F.3d 1369 (Fed. Cir. 2009).

The Veteran contends that he was aboard the U.S.S. Franklin D. Roosevelt (U.S.S. F.D.R. when it was stationed off the coast of Vietnam. He indicates that he assisted with the offloading and onloading of cargo. The Veteran could not recall whether he went to Vietnam; however, the Veteran's representative makes the argument that the Veteran had to have gone to Vietnam incoming or outgoing. 

Review of the Veteran's service personnel records reveal that he joined the ship at Athens, Greece in April 1971. He was stationed aboard the U.S.S. F.D.R. from that point until discharge from service. His military occupational specialty was boatswain's mate (BM). There is no indication that he was an air crewman or associated with an air squadron. He was not awarded the Vietnam Service Medal (VSM) and administrative remarks do not reveal any information regarding a cruise to the West Pacific. The Veteran was discharged from the U.S.S. F.D.R. at Mayport, Florida in February 1973 prior to completion of his period of enlistment at the convenience of the Government.

Although a VA 3101 Request for Information, dated in March 2012, reveals a response that there is no evidence in the Veteran's file to substantiate any service in the Republic of Vietnam, there is no indication that an attempt has been made to determine if the U.S.S. F.D.R. served off the coast of Vietnam during the Veteran's period of service aboard the ship. On remand, attempts must be made to identify whether the U.S.S. F.D.R. served off the coast of Vietnam during the Veteran's period of service aboard the ship.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Attempt to obtain and associate with the claims file all VA treatment records regarding the Veteran dated since October 2014.

2. After obtaining any necessary authorization, attempt to obtain and associate with the claims file complete treatment records regarding the Veteran from Drs. J.A. and W. Any additional pertinent records identified by the appellant during the course of the remand should also be obtained, following the receipt of any necessary authorizations from the appellant, and associated with the claims file.

3. Request, directly from the SSA, complete copies of any determination on a claim for disability benefits from that agency, together with the medical records that served as the basis for any such determination. All attempts to fulfill this development should be documented in the claims file. If the search for these records is negative, that should be noted and the Veteran must be informed in writing.

4. Take all appropriate action to determine whether the U.S.S. Franklin D. Roosevelt served in the coastal waters of Vietnam at any point from April 1971 to February 1973.

5. Then review the record and readjudicate the claim. If the claim remain denied, issue an appropriate supplemental statement of the case and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board, if in order, for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).