Citation Nr: 1706058 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 08-00 063A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to a disability rating in excess of 40 percent for degenerative joint disease (DJD) of the lumbar spine, claimed as a back condition.

2. Entitlement to a disability rating in excess of 10 percent for degenerative joint disease (DJD) of the left ankle.

3. Entitlement to a disability rating in excess of 10 percent for degenerative joint disease (DJD) of the right ankle.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

F. Yankey Counsel
INTRODUCTION

The Veteran served on active duty from July 1979 to January 1990.

This case comes before the Board of Veterans' Appeals (Board) on appeal of a June 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

In November 2011, June 2014 and January 2016, the Board remanded the case for further development by the originating agency. The case has been returned to the Board for further appellate action.

The Board notes that in a September 2016 rating decision, the RO granted service connection for left hip mild to moderate arthritis, thigh impairment; left hip mild to moderate arthritis, limitation of extension; and left hip mild to moderate arthritis, limitation of flexion. This was a full grant of the benefit sought with regard to the issue of entitlement to service connection for a left hip disorder. Grantham v. Brown, 114 F .3d 1156 (Fed. Cir. 1997).

This appeal was processed using the Virtual VA and the Veterans Benefits Management System (VBMS) electronic claims processing systems. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of these electronic records.


FINDINGS OF FACT

1. The Veteran's DJD of the lumbar spine is manifested by severe limitation of motion; but, there is no unfavorable ankylosis of the thoracolumbar spine, pronounced symptoms of intervertebral disc syndrome, or episodes of incapacitation lasting six or more weeks due to intervertebral disc syndrome.

2. For the period prior to July 12, 2016, the Veteran's left ankle disability was manifested by no more than moderate limitation of motion; there is no ankylosis or deformity of the ankle.

3. For the period beginning July 12, 2016, the Veteran's left ankle disability has been manifested by marked limitation of motion, with consideration of pain and associated functional impairment; there is no ankylosis or deformity of the ankle.

4. For the period prior to July 12, 2016, the Veteran's right ankle disability was manifested by no more than moderate limitation of motion; there is no ankylosis or deformity of the ankle.

5. For the period beginning July 12, 2016, the Veteran's right ankle disability has been manifested by marked limitation of motion, with consideration of pain and associated functional impairment; there is no ankylosis or deformity of the ankle.


CONCLUSIONS OF LAW

1. The criteria for a disability rating in excess of 40 percent for the Veteran's DJD of the lumbar spine have not been met. 38 U.S.C.A. § 1155, 5107 (2016); 
38 C.F.R. §§ 3.102, 3.321, 4.3, 4.7, 4.71a, Diagnostic Codes 5235-5243 (2016).

2. For the period prior to July 12, 2016, the criteria for a disability rating in excess of 10 percent for the Veteran's left ankle disability have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.321, 4.71(a), Diagnostic Code 5271 (2016).

3. For the period prior to July 12, 2016, the criteria for a disability rating in excess of 10 percent for the Veteran's right ankle disability have not been met. 
38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.321, 4.71(a), Diagnostic Code 5271 (2016).

4. For the period beginning July 12, 2016, the criteria for a 20 percent disability rating for the Veteran's left ankle disability have been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.321, 4.71(a), Diagnostic Code 5271 (2016).

5. For the period beginning July 12, 2016, the criteria for a 20 percent disability rating for the Veteran's right ankle disability have been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.321, 4.71(a), Diagnostic Code 5271 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify & Assist

There is no indication in this record of a failure to notify. See Scott v. McDonald, 789 F.3rd 1375 (Fed. Cir. 2015). 

Pursuant to the duty to assist, VA must obtain "records of relevant medical treatment or examination" at VA facilities. 38 U.S.C.A. § 5103A(c)(2). All records pertaining to the conditions at issue are presumptively relevant. See Moore v. Shinseki, 555 F.3d 1369, 1374 (Fed. Cir. 2009); Golz v. Shinseki, 590 F.3d 1317 (Fed. Cir. 2010). In addition, where the Veteran "sufficiently identifies" other VA medical records that he or she desires to be obtained, VA must also seek those records even if they do not appear potentially relevant based upon the available information. Sullivan v. McDonald, 815 F.3d 786, 793 (Fed. Cir. 2016) (citing 38 C.F.R. § 3.159 (c)(3) ). In this case, the Veteran has indicated no such records and all pertinent records have been obtained.

General Legal Criteria

Disability evaluations are determined by the application of VA's Schedule for Rating Disabilities (Rating Schedule), 38 C.F.R. Part 4 (2016). The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual conditions in civil occupations. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1 (2016).

Traumatic arthritis is rated as degenerative arthritis. 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5010. Pursuant to DC 5003, degenerative arthritis established by X-ray findings will be rated on the basis of limitation of motion under the appropriate diagnostic codes for the specific joint or joints involved. When, however, the limitation of motion of the specific joint or joints involved is noncompensable under the appropriate diagnostic codes, a rating of 10 percent is for application for each such major joint or group of minor joints affected by limitation of motion, to be combined, not added under diagnostic code 5003. Limitation of motion must be objectively confirmed by findings such as swelling, muscle spasm, or satisfactory evidence of painful motion. In the absence of limitation of motion, the disability is to be rated as follows: with x-ray evidence of involvement of 2 or more major joints or 2 or more minor joint groups, with occasional incapacitating exacerbations, 20 percent; with x-ray evidence of involvement of 2 or more major joints or 2 or more minor joint groups, 10 percent. 38 C.F.R. § 4.71a.

For disabilities evaluated on the basis of limitation of motion, VA is required to apply the provisions of 38 C.F.R. §§ 4. 40 and 4.45, pertaining to functional impairment. The United States Court of Appeals for Veterans Claims has instructed that in applying these regulations VA should obtain examinations in which the examiner determined whether the disability was manifested by weakened movement, excess fatigability, incoordination, or pain. Such inquiry is not to be limited to muscles or nerves. These determinations are, if feasible, be expressed in terms of the degree of additional range-of-motion loss due to any weakened movement, excess fatigability, incoordination, flare-ups, or pain. DeLuca v. Brown, 8 Vet. App. 202 (1995); see also Johnston v. Brown, 10 Vet. App. 80, 84-85 (1997); 38 C.F.R. § 4.59 (2016).

Each disability must be considered from the point of view of the veteran in terms of working or seeking work. 38 C.F.R. § 4.2 (2016). Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

In view of the number of atypical instances it is not expected, especially with the more fully described grades of disabilities, that all cases will show all the findings specified. Findings sufficiently characteristic to identify the disease and the disability therefrom, and above all, coordination of rating with impairment of function will, however, be expected in all instances. 38 C.F.R. § 4.21 (2016).

The intent of the schedule is to recognize painful motion with joint or periarticular pathology as productive of disability. It is the intention to recognize actually painful, unstable, or malaligned joints, due to healed injury, as entitled to at least the minimum compensable rating for the joint. C.F.R. § 4.59 (2016).

In both initial rating claims and increased rating claims, the Board must discuss whether any "staged ratings" are warranted, and if not, why not. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

DJD of the Lumbar Spine

Under the General Rating Formula for Diseases and Injuries of the Spine (general rating formula), with or without symptoms such as pain, whether or not it radiates, stiffness, or aching in the area of the spine affected by the residuals of injury or disease, a 40 percent evaluation is warranted for disability of the thoracolumbar spine when there is forward flexion of the thoracolumbar spine to 30 degrees or less, or favorable ankylosis of the entire thoracolumbar spine.

Unfavorable ankylosis of the entire thoracolumbar spine is evaluated as 50 percent disabling, and unfavorable ankylosis of the entire spine is evaluated as 100 percent disabling. 38 C.F.R. § 4.71a, Diagnostic Codes 5235-5237.

The following notes accompany the General Rating Formula:

Note (1): Evaluate any associated objective neurologic abnormalities, including, but not limited to, bowel or bladder impairment, separately, under an appropriate diagnostic code.

Note (2): (See also Plate V.) For VA compensation purposes, normal forward flexion of the thoracolumbar spine is zero to 90 degrees, extension is zero to 30 degrees, left and right lateral flexion are zero to 30 degrees, and left and right lateral rotation are zero to 30 degrees. The combined range of motion refers to the sum of the range of forward flexion, extension, left and right lateral flexion, and left and right rotation. The normal combined range of motion of the thoracolumbar spine is 240 degrees. The normal ranges of motion for each component of spinal motion provided in this note are the maximum that can be used for calculation of the combined range of motion.

Note (3): In exceptional cases, an examiner may state that because of age, body habitus, neurologic disease, or other factors not the result of disease or injury of the spine, the range of motion of the spine in a particular individual should be considered normal for that individual, even though it does not conform to the normal range of motion stated in Note (2). Provided that the examiner supplies an explanation, the examiner's assessment that the range of motion is normal for that individual will be accepted.

Note (4): Round each range of motion measurement to the nearest five degrees.

Note (5): For VA compensation purposes, unfavorable ankylosis is a condition in which the entire cervical spine, the entire thoracolumbar spine, or the entire spine is fixed in flexion or extension, and the ankylosis results in one or more of the following: difficulty walking because of a limited line of vision; restricted opening of the veteran's mouth and chewing; breathing limited to diaphragmatic respiration; gastrointestinal symptoms due to pressure of the costal margin on the abdomen; dyspnea or the existence of dysphagia; atlantoaxial or cervical subluxation or dislocation; or neurologic symptoms due to nerve root stretching. Fixation of a spinal segment in neutral position (zero degrees) always represents favorable ankylosis.

Note (6): Separately evaluate disability of the thoracolumbar and cervical spine segments, except when there is unfavorable ankylosis of both segments, which will be rated as a single disability. Id. 

Intervertebral disc syndrome is to be evaluated either under the general rating formula for diseases and injuries of the spine or under the formula for rating intervertebral disc syndrome based on incapacitating episodes, whichever method results in the higher evaluation when all disabilities are combined under 38 C.F.R. 
§ 4.25.

For intervertebral disc syndrome (IVDS) manifested by incapacitating episodes having a total duration of at least six weeks during the past 12 months, a 60 percent evaluation is warranted; and with incapacitating episodes having a total duration of at least four weeks but less than six weeks during the past 12 months, a 40 percent evaluation is warranted. Note (1) states that an incapacitating episode is a period of acute signs and symptoms due to intervertebral disc syndrome that requires bed rest prescribed by a physician and treatment by a physician. See 38 C.F.R. § 4.71a, Diagnostic Code 5243.

In order to warrant a rating in excess of 40 percent, the Veteran's low back disability must be manifested by unfavorable ankylosis of the entire thoracolumbar spine (Diagnostic Code 5235-5242); or incapacitating episodes having a total duration of at least six weeks during the past 12 months (Diagnostic Code 5243). 

Analysis

In a November 2006 rating decision, the RO granted service connection for low back lumbar spine, degenerative joint disease (claimed as back condition), with a 20 percent evaluation, effective July 6, 2005.

In March 2011, the Veteran submitted a claim for an increased rating for his low back disability.

In a September 2016 rating decision, the RO granted an increased rating of 40 percent for the service-connected DJD of the lumbar spine, effective July 5, 2011, based on evidence discussed below. The Veteran contends that a higher rating is warranted.

Private treatment records from Dr. P.Y., dated July 5, 2011 note lumbar flexion as 10 degrees active and extension at 0 degrees with intensified bilateral sciatica. The examiner further diagnosed the condition of bilateral sciatic radicular pain, which he opined is related to the service-connected low back disability.

In accordance with the Board's January 2016 remand, the Veteran underwent his most recent VA examination in July 2016. Active and passive lumbar range of motion was very limited, with forward flexion only to 20 degrees. However, there is no medical evidence showing that the Veteran experienced unfavorable ankylosis of the entire thoracolumbar spine. Consequently, the Board finds that a rating in excess of 40 percent is not warranted under the general rating formula. 

Furthermore, although the Veteran has been diagnosed with IVDS on VA examination, and reported daily incapacitating episodes in his May 2014 VA Form 9; on VA examination in May 2011 there are no reports and no indication by the examiner of incapacitating episodes or physician-prescribed bed rest due to the low back disability, and on VA examination in July 2016, it was noted that the Veteran has not required bed rest prescribed by a physician. Therefore, the Board finds that the Veteran has not experienced incapacitating episodes having a total duration of at least six weeks during the past 12 months, and a rating in excess of 40 percent is not warranted based on incapacitating episodes.

Furthermore, the provisions of 38 C.F.R. §§ 4.40, 4.45 are not for consideration where the veteran is in receipt of the highest rating based on limitation of motion and a higher rating requires ankylosis. Johnston v. Brown, 10 Vet. App. 80, 84-85 (1997). Therefore, a higher rating based on functional impairment is not warranted.
Finally, besides his bilateral sciatica/radiculopathy of the lower extremities, which he is already service-connected for (see September 2013 rating decision), there is no evidence of any other neurological manifestations of the lumbar spine disability, such as chronic bowel, bladder or sexual impairment, due to the service-connected lumbar spine disability that would warrant a separate rating. 

In sum, for the reasons noted above, a rating in excess of 40 percent is not warranted at any time during the appeal.

The Veteran is competent to report the symptoms of his disability. His complaints are credible. The Veteran's complaints have been considered in the above-noted evidence; however, evaluations for VA purposes do not show the severity required for a higher schedular rating, as discussed above. To the extent that the Veteran argues or suggests that the clinical data support an increased disability rating or that the rating criteria should not be employed, he is not competent to make such an assertion. VA must only consider the factors as enumerated in the rating criteria discussed above, which in part involves the examination of clinical data gathered by competent medical professionals. See Massey v. Brown, 7 Vet. App. at 208.

DJD of the Left and Right Ankles

Limited motion of the ankle is rated under Diagnostic Code 5271. A 10 percent rating is warranted for moderate limitation of motion and a 20 percent rating for marked limitation of motion. 38 C.F.R. § 4.71a, Diagnostic Code 5271. Normal range of motion of the ankle is measured as 0-20 degrees of dorsiflexion and 0-45 degrees of plantar flexion. 38 C.F.R. § 4.71, Plate II (2016).

For the purpose of rating disability from arthritis, the shoulder, elbow, wrist, hip, knee, and ankle are considered major joints; multiple involvements of the interphalangeal, metacarpal and carpal joints of the upper extremities, the interphalangeal, metatarsal and tarsal joints of the lower extremities, the cervical vertebrae, the dorsal vertebrae, and the lumbar vertebrae, are considered groups of minor joints, ratable on a parity with major joints. The lumbosacral articulation and both sacroiliac joints are considered to be a group of minor joints, ratable on disturbance of lumbar spine functions. 38 C.F.R. § 4.45 (f) (2016).

In a November 2006 rating decision, the RO granted service connection for arthritis bilateral ankles, with an evaluation of 10 percent, effective July 6, 2005.

In March 2011, the Veteran submitted a claim for an increased rating for his bilateral ankle disability.

In a December 2011 rating decision, the RO granted a separate 10 percent evaluation for degenerative joint disease of the right ankle, effective March 7, 2011. Previously, the bilateral ankle arthritis was assigned a single 10 percent evaluation. In the December 2011 rating, the 10 percent rating for the left ankle was continued.

Period Prior to July 12, 2016

On VA examination in May 2011, there was no joint swelling, effusion, tenderness, laxity, joint prosthesis or ankylosis. Range of motion for the right ankle was dorsiflexion to 10 degrees and extension to 45 degrees. There was no objective evidence of pain on active motion. There was pain after repetitive motion, but no additional limitation of motion after repetitive motion. Range of motion for the left ankle was dorsiflexion to 10 degrees and extension to 40 degrees. There was no objective evidence of pain on active motion. There was pain after repetitive motion, but no additional limitation of motion after repetitive motion. 

As normal range of motion for the ankle is 20 degrees of dorsiflexion and 45 degrees of plantar flexion, the Board finds that the findings from the May 2011 examination are indicative of no more than moderate limitation of motion, which warrants a 10 percent rating under Diagnostic Code 5271. Furthermore, as there was no pain on active motion, no additional limitation of motion after repetitive motion, and no evidence of functional impairment; the Board finds that a higher rating under DeLuca, for functional impairment, is also not warranted. There is no other medical evidence during this period showing that the Veteran has demonstrated more than moderate limitation of motion of the ankles or functional impairment which would warrant a higher rating.


Period Beginning July 12, 2016

During his most recent VA examination in July 2016, the Veteran complained of continued pain in the ankles, but denied any surgery or injections. He was taking pain medication as needed for muscle pain. The Veteran reported flare-ups of ankle pain for a day at least once a week from unknown causes, during which, he would have to stay off his feet. The Veteran also reported functional loss from his bilateral ankle disability in that he cannot run any more or play at any running sport, and cannot stand in one place more than a few minutes or walk more than a few hundred feet.

The Board finds that 20 percent ratings are warranted for the Veteran's right and left ankle arthritis beginning July 12, 2016, the date of his most recent VA examination. In this regard, during the July 2016 examination, the Veteran was only able to perform plantar flexion to 10 degrees, significantly less than the normal 45 degrees. Furthermore, the examiner noted that there was pain during both dorsiflexion and plantar flexion that causes functional loss. He indicated further that pain significantly limits functional ability with repeated use over time, reducing dorsiflexion and plantar flexion to 10 degrees. Painful motion can equate to limitation of motion. Lichtenfels v. Derwinski, 1 Vet. App. 484, 488 (1991). The Board finds that, overall, the symptomatology associated with the Veteran's right and left ankle disabilities in July 2016 are more indicative of marked limitation of motion, which warrants 20 percent ratings under Diagnostic Code 5271. This is the highest rating available under Diagnostic Code 5271, and the reported functional impairment has already been considered in the 20 percent rating being assigned. Therefore, a rating in excess of 20 percent is not warranted.

The Board has considered whether a higher or separate rating is warranted under another diagnostic code, but had found none.

Extraschedular Consideration

The Veteran's lumbar spine and left and right ankle disabilities, as discussed above, are manifested by symptomatology contemplated by the rating criteria which have been applied in this case. The Veteran has not reported any symptoms outside of those contemplated by the rating schedule. No other factors have been reported that are outside the rating schedule. Hence, referral for consideration of an extraschedular rating is not warranted. Thun v. Shinseki, 572 F.3d 1366 (Fed. Cir. 2009).

According to Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014), a veteran may be entitled to "consideration [under 38 C.F.R. § 3.321(b) for referral for an extra-schedular evaluation based on multiple disabilities, the combined effect of which is exceptional and not captured by schedular evaluations." Referral for an extraschedular rating under 38 C.F.R. § 3.321(b) is to be considered based upon either a single service-connected disability or upon the "combined effect" of multiple service-connected disabilities when the "collective impact" or "compounding negative effects" of the service-connected disabilities, when such presents disability not adequately captured by the schedular ratings for the service-connected disabilities. 

In this case, the Veteran has not asserted, and the evidence of record has not suggested, any such combined effect or collective impact of multiple service-connected disabilities that create such an exceptional circumstance to render the schedular rating criteria inadequate. Moreover, the Board finds that the symptoms of the Veteran's lumbar spine and left and right ankle disabilities are contemplated by the schedular rating criteria. Accordingly, referral for consideration of 38 C.F.R. 
§ 3.321(b)(1) is not warranted in this case.

 (CONTINUED ON NEXT PAGE)


ORDER

A rating in excess of 40 percent for DJD of the lumbar spine is denied.

For the period prior to July 12, 2016, a rating in excess of 10 percent for DJD of the left ankle is denied.

For the period beginning July 12, 2016, a 20 percent rating for DJD of the left ankle is granted, subject to controlling regulations applicable to the payment of monetary benefits.

For the period prior to July 12, 2016, a rating in excess of 10 percent for DJD of the right ankle is denied.

For the period beginning July 12, 2016, a 20 percent rating for DJD of the right ankle is granted, subject to controlling regulations applicable to the payment of monetary benefits.



____________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs