﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/19 Archive Date: 11/29/19

DOCKET NO. 190930-34885
DATE: November 29, 2019

ORDER

Entitlement to total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is denied.

FINDING OF FACT

The Veteran is not rendered unable to obtain (secure) or maintain (follow) substantially gainful employment as a result of the service-connected disabilities.

CONCLUSION OF LAW

The criteria for entitlement to TDIU have not been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.18, 4.19.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA), became effective in February 2019. This law has created a new framework to seek review for veterans who disagree with VA’s decision on their claim. 

The Veteran served on active duty in the United States Army from August 1967 to August 1969.

In May 2019 the Veteran filed an application for TDIU. A July 2019 rating decision denied TDIU. The Veteran requested higher level review in July 2019. The agency of original jurisdiction (AOJ), also known as the Regional Office, denied the claim in a September 10, 2019 AOJ Decision. On September 30, 2019, the Veteran timely appealed this rating decision, requesting Direct Review by the Board.

Legal Authority for Entitlement to TDIU

Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities (Rating Schedule), which is based on the average impairment of earning capacity. 38 U.S.C. § § 1155. Total disability is considered to exist when there is any impairment which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. Total disability may or may not be permanent. 38 C.F.R. § 3.340(a)(1). Total ratings are authorized for any disability or combination of disabilities for which the Rating Schedule prescribes a 100 percent evaluation. 38 C.F.R. § 3.340(a)(2).

TDIU may be assigned when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. The service-connected disabilities, employment history, educational and vocational attainment, and all other factors having a bearing on the issue will be addressed in both instances. 38 C.F.R. § 4.16(a), (b).

If there is only one such disability, it must be rated at 60 percent or more; if there are two or more disabilities, at least one disability must be rated at 40 percent or more, with sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). If a veteran’s disabilities do not meet the objective combined rating percentage criteria of 38 C.F.R. § 4.16(a), it then becomes necessary to consider whether the criteria for referral for extraschedular consideration are met under § 4.16(b) criteria. It is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. Submission to the Director, Compensation and Pension Service, for extraschedular consideration is warranted in all cases of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in § 4.16(a). 38 C.F.R. § 4.16(b).

Individual unemployability must be determined without regard to any non-service-connected disabilities or a veteran’s advancing age. 38 C.F.R. §§ 3.341(a), 4.19; Van Hoose v. Brown, 4 Vet. App. 361 (1993). The sole fact that a veteran is unemployed or has difficulty obtaining employment is not enough. A high rating in itself is recognition that the impairment makes it difficult to obtain or keep employment, but the ultimate question is whether a veteran is capable of performing the physical and mental acts required by employment, not whether a veteran can find employment. Id. at 361. When reasonable doubt arises as to the degree of disability, such doubt will be resolved in a veteran’s favor. 38 C.F.R. § 4.3.

In Faust v. West, 13 Vet. App. 342 (2000), the United States Court of Appeals for Veterans Claims (Court) defined “substantially gainful employment” as an occupation that provides an annual income that exceeds the poverty threshold for one person, irrespective of the number of hours or days that a veteran actually works and without regard to a veteran’s earned annual income. In Hatlestad v. Derwinski, 5 Vet. App. 524, 529 (1993), the Court held that the central inquiry in determining whether a veteran is entitled to a TDIU is whether a veteran’s service-connected disabilities alone are of sufficient severity to produce unemployability. The determination as to whether a total disability is appropriate should not be based solely upon demonstrated difficulty in obtaining employment in one particular field, which could also potentially be due to external bases such as economic factors, but rather to all reasonably available sources of employment under the circumstances. See Ferraro v. Derwinski, 1 Vet. App. 326, 331-332 (1991). In evaluating a veteran’s employability, consideration may be given to the level of education, special training, and previous work experience in arriving at a conclusion, but not to age or impairment caused by non-service-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19.

Marginal employment is not considered substantially gainful employment and generally is deemed to exist when a veteran’s earned income does not exceed the amount established by the U.S. Department of Commerce, Bureau of the Census, as the poverty threshold for one person. Marginal employment may also be held to exist in certain cases when earned annual income exceeds the poverty threshold on a facts-found basis. Consideration shall be given in all claims to the nature of the employment and the reason for termination. 38 C.F.R. § 4.16(a). Marginal employment, odd-job employment, and employment at half the usual remuneration is not incompatible with a determination of unemployability if the restriction to securing or retaining better employment is due to disability. 38 C.F.R. § 4.17(a).

The ultimate issue of whether a TDIU should be awarded is not a medical issue, but rather is a determination for the adjudicator. See Moore v. Nicholson, 21 Vet. App. 211, 218 (2007) (ultimate question of whether a veteran is capable of substantial gainful employment is not a medical one; that determination is for the adjudicator), rev’d on other grounds sub nom, Moore v. Shinseki, 555 F.3d 1369 (Fed. Cir. 2009). Although VA must give full consideration, per 38 C.F.R. § 4.15, to “the effect of combinations of disability,” VA regulations place responsibility for the ultimate TDIU determination on VA, not a medical examiner’s opinion. See Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013); 38 C.F.R. § 4.16(a); see also Smith v. Shinseki, 647 F.3d 1380, 1385-86 (Fed. Cir. 2011) (VA is not required to obtain an industrial survey from a vocational expert before making a TDIU determination but may choose to do so in an appropriate case).

TDIU

In this case, the Veteran contends that the service-connected disabilities have rendered him unemployable. The Veteran claims that he has been unable to maintain (follow) substantially gainful employment since December 2018. The Veteran explained that he was a certified public accountant (CPA) at FMC Consulting Corporation from January 2011 to December 2018. The Veteran also checked the box indicating that he has not tried to obtain employment since he became too disabled to work. The Veteran graduated from high school and college. See May 2019 Veterans Application for Increased Compensation Based on Unemployability (VA Form 21-8940).

After a review of the lay and medical evidence of record, the Board finds that the Veteran is service connected for diabetes mellitus type II rated at 20 percent from April 27, 2010, peripheral neuropathy of the right lower extremity rated at 20 percent from March 15, 2012, peripheral neuropathy of the left lower extremity rated at 20 percent from March 15, 2012, peripheral neuropathy of the right upper extremity rated at 20 percent from May 19, 2015, peripheral neuropathy of the left upper extremity rated at 20 percent from May 19, 2015, and tinnitus rated at 10 percent from November 5, 2012. The service-connected disabilities meet the threshold requirements under 38 C.F.R. § 4.16(a) for TDIU.

Additionally, the Board finds that the evidence does not indicate that the Veteran is unable to obtain (secure) or maintain (follow) substantially gainful employment due to the service-connected disabilities. 

The Veteran submitted to a December 2012 VA examination during which the VA examiner found that the tinnitus does not impact the Veteran’s ability to work. The Veteran submitted to a VA examination in July 2019 to assess the diabetes mellitus type II and the examiner opined that the disability did not impact the Veteran’s ability to work. The Veteran submitted to a second July 2019 VA examination to assess the peripheral neuropathies. The July 2019 VA examiner assessed that the neuropathies impact fine manipulation and handling. 

While there is medical and lay evidence of record to suggest that the service-connected peripheral neuropathies impact the Veteran’s ability to work, the evidence does not explain why the Veteran might be precluded from obtaining and maintaining substantially gainful employment. Generally, a CPA is required to analyze numbers, keep records, and potentially interact with coworkers or clients. Fine manipulation or handling of the extremities does not preclude the Veteran from working as a CPA. 

(Continued on the next page)

 

Based on the foregoing, the Board finds that the weight of the evidence demonstrates that the criteria for entitlement to TDIU have not been met for any period on appeal. While the Veteran has some physical limitations, the Veteran does not have any service-connected mental limitations and symptoms of the service-connected disabilities are not so severe as to preclude substantially gainful employment. For these reasons, the preponderance of the lay and medical evidence is against entitlement to TDIU.

 

J. PARKER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Costantino, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.