NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GABRIEL M. ROBLES,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2026-1127

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-1231, Judge Scott Laurer.

---

Decided: May 7, 2026

---

GABRIEL M. ROBLES, Topeka, KS, pro se.

IOANA C. MEYER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY, BRETT SHUMATE; BRIAN D. GRIFFIN, RICHARD STEPHEN HUBER, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, PROST, and CHEN, *Circuit Judges*.

PER CURIAM.

Gabriel M. Robles appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board") denying compensation under 38 U.S.C. § 1151; a total disability rating based on individual unemployability ("TDIU"), including extraschedular consideration; and special monthly compensation ("SMC") based on the need for regular aid and attendance for a right wrist disability. *See Robles v. Collins*, No. 24-1231, 2025 WL 2429644 (Vet. App. Aug. 22, 2025) ("*Veterans Court Decision*"); *see also* S.A. 7–14 ("*Board Decision*").[1]  Because we lack jurisdiction over the appeal, we *dismiss*.

## BACKGROUND

Robles served in the United States Marine Corps from March to December 1979. *Board Decision*, S.A. 8.  He first sought treatment at the Department of Veterans Affairs ("VA") for right wrist pain in July 2013. *Id.* at 9.  His x-ray results were normal. *Id.*  Robles again sought treatment for his right wrist pain in September 2013. *Id.*  He was referred for an orthopedic consultation, and a magnetic resonance imaging ("MRI") test showed a tendon tear that needed surgery, which Robles never received. *Id.* at 9–10.

In September 2017, Robles filed applications for disability benefits under 38 U.S.C. § 1151 and entitlement to TDIU based on the wrist injury, arguing that the VA erred in failing to properly diagnose and treat his right wrist and he was entitled to compensation. *See* S.A. 20–25.

---

[1]    S.A. refers to the Supplemental Appendix, filed at ECF 14-2.

The VA Regional Office ("RO") denied both applications. S.A. 16–19.  Robles filed a notice of disagreement and added his SMC claim.  *See* S.A. 26–27.  The RO informed him that his SMC claim was not adjudicated and thus was not on appeal.  S.A. 72.  Robles then appealed to the Board. S.A. 74–75.

In April 2023, the Board remanded the § 1151, TDIU, and SMC claims.  S.A. 76–80.  In June 2023, a doctor at the RO re-examined Robles' wrist and gave his opinion that the initial physical examination could not have predicted the torn ligament given repeated normal x-ray results and that "it is not normal to get [an] MRI initially."  S.A. 84–85. There was thus no failure in the initial care.  *See id.*  The RO then issued a supplemental statement of the case ("SSOC").  S.A. 103–26.  In the SSOC, the RO denied all three claims.  S.A. 123–25.  Regarding the § 1151 claim, the RO relied on the doctor's opinion to show a failure to establish proximate cause between the VA's medical services and Robles' right wrist injury.  S.A. 124.  The RO denied the TDIU and SMC claims because the evidence did not demonstrate a service-connected disability.  S.A. 125.

Robles appealed to the Board, which denied all three claims.  *Board Decision*, S.A. 7.  It denied the § 1151 claim because the doctor's findings that an MRI "would likely not have been initially indicated" were "adequate and probative."  *Id.* at 11.  It denied the TDIU and SMC claims because it found that Robles did not have a service-connected disability.  *Id.* at 12–14.  Robles then appealed to the Veterans Court, which found no error in the Board's conclusions and affirmed.  *Veterans Court Decision*, 2025 WL 2429644, at *2–4.  Robles appealed to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited.  *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).  We have jurisdiction to review decisions of the Veterans Court with respect to a rule of law or

interpretation of a statute or regulation relied on by the Veterans Court in its decision. 38 U.S.C. § 7292(c). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. *Id.* § 7292(d)(2).

Robles argues, without support or referencing any specific portion of the decision below, that the Veterans Court did not adhere to the *Chevron* doctrine or our precedent in *Moore v. Shinseki*, 555 F.3d 1369 (Fed. Cir. 2009), and that the Veterans Court ignored 38 U.S.C. § 5103A and 38 C.F.R. § 4.126(a) in rendering its decision. Robles Inf. Br. 1. He also argues that the Veterans Court violated the Equal Protection Clause. *Id.* at 2. These assertions are not supported by reasoned argument and have no bearing on the real issue in this appeal, which is whether Robles was entitled to benefits for his wrist injury.

Regarding that issue, the Veterans Court acted within its statutory authority in reviewing the Board's factual findings, *see generally Veterans Court Decision*, considered Robles' documents after giving him multiple opportunities to amend his briefing, *id.* at *1–2, and evaluated the claims before it under the proper standard, *id.* at *2–4. Furthermore, the Veterans Court did not decide any constitutional issues. *See generally id.* Accordingly, Robles' appeal does not present any legal challenge over which we have jurisdiction.

Because Robles in essence disagrees only with the factual determinations set forth by the Board and the Veterans Court's affirmance of that decision, *see* Robles Inf. Br. 1–3, and we lack jurisdiction to review determinations of fact or apply law to fact, 38 U.S.C. § 7292(d)(2), we lack jurisdiction over his appeal and therefore dismiss.

## CONCLUSION

We have considered Robles' remaining arguments but find them unpersuasive. For the foregoing reasons, we *dismiss* his appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.