NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7065

CHARLES E. MALONE,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Zachary M. Stolz, Chisholm, Chisholm & Kilpartick LLP, of Washington, DC, argued for the claimant-appellant. With him on the brief was Robert V. Chisholm, of Providence, Rhode Island.

Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Hillary A. Stern, Senior Trial Attorney. Of counsel on the brief was David J. Barrans, Deputy Assistant General Counsel.

Appeal from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7065

CHARLES E. MALONE,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-3709, Judge Alan G. Lance, Sr.

_____

DECIDED: November 21, 2008

_____

Before MAYER, LOURIE and GAJARSA, Circuit Judges.

PER CURIAM.

Charles E. Malone appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed a decision by the Board of Veterans Appeals ("Board") assigning December 21, 1989, as the effective date for benefits awarded for service-connected post-traumatic stress disorder ("PTSD"). Malone v. Mansfield, No. 05-3709, 2007 WL 4105281 (Vet. App. Nov. 6, 2007) (hereinafter "Veterans Court Decision"). Mr. Malone timely appealed to this court seeking an earlier effective date.

Because we have no jurisdiction to review the factual determinations of the Veterans Court, we dismiss the appeal.

BACKGROUND

Mr. Malone served in the U.S. Army on active duty from 1971 to 1973. In 1982, Mr. Malone submitted a claim to the Department of Veterans Affairs ("VA") requesting benefits for "nerves." The Regional Office ("RO") denied that claim, and because Mr. Malone did not appeal, that decision became final. In 1989, Mr. Malone submitted a new claim for PTSD, which the VA initially denied but later granted after Mr. Malone obtained and submitted records confirming that he had served in Vietnam. The Board awarded benefits with an effective date of December 21, 1989—the date the RO received Mr. Malone's claim for PTSD.

Mr. Malone appealed to the Veterans Court, arguing that under a correct interpretation of 38 C.F.R. § 3.156(c), he was entitled to an effective date of June 7, 1982—the date he first submitted a claim for "nerves." Veterans Court Decision, 2007 WL 4105281, at *2; see 38 C.F.R. § 3.156(c) (allowing the VA to retroactively evaluate a veteran's disease or injury based on newly discovered service records). The Veterans Court affirmed the Board, explaining that although § 3.156(c) permitted the VA to reconsider Mr. Malone's PTSD claim because of relevant newly obtained service records, it did not alter the statutory prohibition against awarding Mr. Malone an effective date earlier than the date he filed his PTSD claim. Veterans Court Decision, 2007 WL 4105281, at *3; see 38 U.S.C. § 5110(a) ("[T]he effective date of an award . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." (emphasis added)). Because the Veterans

Court found the Board did not clearly err when it determined that Mr. Malone filed his original PTSD claim in December 1989, the Veterans Court held Mr. Malone was not entitled to an effective date prior to December 1989. Veterans Court Decision, 2007 WL 4105281, at *3.

## DISCUSSION

This court must determine whether or not it has jurisdiction to hear an appeal. C.R. Bard, Inc. v. Schwartz, 716 F.2d 874, 877 (Fed. Cir. 1983). This court's jurisdiction to review decisions by the Veterans Court is limited by 38 U.S.C. § 7292. We may decide "all relevant questions of law," but unless considering a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d).

Although Mr. Malone frames his appellate argument as a legal question regarding the correct interpretation of 38 C.F.R. § 3.156(c)(4), the determinations he asks this court to review are factual. Specifically, this court cannot grant Mr. Malone the relief he seeks without reviewing and overturning the Veterans Court's determination that Mr. Malone did not file a PTSD claim until 1989. As explained below, such a determination is factual, and because it is not related to a constitutional issue, it is not reviewable by this court.

Under the relevant statute and regulation, Mr. Malone could not be assigned an effective date for his PTSD award earlier than the date he filed his PTSD claim. See 38 U.S.C. § 5110(a) (stating the VA may not award an effective date earlier than the date the veteran filed his claim); 38 C.F.R. § 3.156(c)(4) (allowing the VA to assign a retroactive effective date for an award based on newly obtained service records "except

as it may be affected by the filing date of the original claim"). The Board's determination that Mr. Malone filed his PTSD claim in 1989 is a finding of fact. See Evans v. West, 12 Vet. App. 396, 401 (1999) ("A Board determination of the proper effective date is a finding of fact."). Likewise, the determination of whether a particular claim was raised by a claimant is also a finding of fact. See Bonner v. Nicholson, 497 F.3d 1323, 1328 (Fed. Cir. 2007) (The determination of whether a previous claim for dependency and indemnity for death caused by Hodgkin's disease included a claim for death caused by a different type of cancer was a factual finding.); Moody v. Principi, 360 F.3d 1306, 1310 (Fed. Cir. 2004) (The determination of whether a prior filing raised a claim of service connection for a particular condition was a factual finding.). For Mr. Malone to succeed in his appeal, this court would need to review the Veterans Court's determinations that Mr. Malone effectively filed his claim for PTSD in 1989 and that Mr. Malone's 1982 claim for "nerves" was not—and did not include—a claim for PTSD. As held by the cases cited above, these determinations are findings of fact. Thus, the statutory limits on our jurisdiction preclude us from reviewing them.

## CONCLUSION

For the foregoing reasons, we dismiss Mr. Malone's appeal for lack of jurisdiction.

No costs.