NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN L. KIRKPATRICK,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1781

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5562, Judge Coral Wong Pietsch, Judge Joseph L. Toth, Judge William S. Greenberg.

---

Decided: November 17, 2021

---

KEVIN L. KIRKPATRICK, Forest Lake, MN, pro se.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, MARTIN F. HOCKEY, JR.; MEGHAN ALPHONSO, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before MOORE, *Chief Judge*, NEWMAN and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Kevin L. Kirkpatrick appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board") that denied Kirkpatrick an earlier effective date for the award of service connection for bilateral hearing loss and an acquired psychiatric disability. *Kirkpatrick v. Wilkie*, No. 19-5562, 2020 WL 7021464, at *1, *4 (Vet. App. Nov. 30, 2020). Because Kirkpatrick's constitutional challenge lacks merit and we lack jurisdiction over his remaining arguments, we *affirm in part* and *dismiss in part*.

## I. BACKGROUND

Kirkpatrick served honorably in the Army from January 1979 to January 1982 and from October 1982 to October 1985. During his service, Kirkpatrick was treated for an acquired psychiatric disability. Shortly after his second discharge, in February 1986, Kirkpatrick filed a claim for service connection for, among other things, a nervous condition and hearing loss. In March 1986, the Department of Veterans Affairs ("VA") requested and received Kirkpatrick's service department records. The VA informed Kirkpatrick that it was "making arrangements" for examinations and would inform him of the time and location at a later date. *Kirkpatrick*, 2020 WL 7021464, at *1.

On March 25, 1986, VA medical personnel received an internal VA document requesting examinations and opinions. They indicated on the document the scheduled date of Kirkpatrick's psychiatric and audiology examinations, April 17. They also completed a VA Form 70-7216a to request the transfer of Kirkpatrick's records for review by the

medical examiners.   The form's typed request date of "3-31-86" was crossed out, and "4-3-86" was written in its place.   The form's typed scheduled examination date of "4-10-86" was similarly crossed out, and "4-17-86" was written in its place.  The record is silent as to whether the VA informed Kirkpatrick of the examinations, but he did not appear for them.  A VA routing slip dated April 17 returned the claims file to adjudicators.  The slip misspelled Kirkpatrick's first name and omitted some other dates.

The VA denied Kirkpatrick's claims because Kirkpatrick missed his examinations.  The VA explained that it would reconsider its decision if Kirkpatrick were willing to undergo an examination.  The VA mailed the decision and a notice of Kirkpatrick's procedural and appellate rights to the address noted on Kirkpatrick's application for benefits.  Kirkpatrick did not appeal the denial or notify the VA that he would appear for an examination.

On August 8, 2011, Kirkpatrick filed claims for service connection for hearing loss and psychiatric disabilities.  The VA reopened his original claims, obtained examinations and opinions on his medical conditions, granted Kirkpatrick service connection for both disabilities, and assigned effective dates of August 8, 2011.  Kirkpatrick appealed to the Board.  He argued that he was entitled to an earlier effective date for both disabilities because, *inter alia*, (1) the VA did not notify him of the scheduled examination in 1986, (2) the VA did not fully associate his service department records with his claims file at the time of the 1986 denial, and (3) the VA allegedly altered its forms in 1986.  The Board rejected these arguments.  It found that the VA's denial of Kirkpatrick's 1986 claims was final and that Kirkpatrick had not submitted anything that reasonably could be interpreted as a formal or informal claim until August 2011.

Kirkpatrick appealed to the Veterans Court and raised the same arguments.  The Veterans Court affirmed.  First,

the Veterans Court held that Kirkpatrick's original claims could not support an earlier effective date because the denial in 1986 was final.  Even if Kirkpatrick had not received proper notice of the date of his examinations, the Veterans Court explained that the VA had notified Kirkpatrick, "by way of the properly mailed rating decision," that he had missed the examinations and that he could attempt to rectify the situation by appealing the denial of his claims. *Kirkpatrick*, 2020 WL 7021464, at *2.  The Veterans Court determined that Kirkpatrick did not appeal or respond and that the denial therefore became final.

Second, the Veterans Court held that Kirkpatrick was not entitled to an earlier effective date under 38 C.F.R. § 3.156(c), which governs reconsideration of claims.  The court found that the VA received and associated all of Kirkpatrick's service records in deciding the 1986 claims.  The court explained that medical opinions in 2012 and 2017 that may have relied, in part, on the previously associated service records did not trigger reconsideration under § 3.156(c).

Third, the Veterans Court found no evidence in the record to support Kirkpatrick's allegation that the VA altered documents.  The court found "nothing inherently nefarious" about the manual corrections to dates on the VA Form 70-7216a or the misspellings or omissions on the April 17 VA routing slip.  The court distinguished the minor and "unfortunate but innocent mistakes" here from the material alterations to evidence in case law that constituted violations of VA claimants' due process rights. *Kirkpatrick*, 2020 WL 7021464, at *3 (discussing *Cushman v. Shinseki*, 576 F.3d 1290 (Fed. Cir. 2009)).

Kirkpatrick timely appealed to this court.

## II. DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336

(Fed. Cir. 2010).  We "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions."  38 U.S.C. § 7292(d)(1).  But we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case, except to the extent that the appeal presents a constitutional issue.  *Id.* § 7292(d)(2).

On appeal, Kirkpatrick argues that the Veterans Court misinterpreted 38 C.F.R. § 3.156(c), improperly applied the presumption of regularity, and violated his right to due process.  *See* Appellant's Br. 1–2.  We address each argument in turn.

First, Kirkpatrick contends that the Veterans Court (and the Board) misinterpreted § 3.156(c) because it failed to address evidence that he submitted in 2016.  *Id.* at 1.  Kirkpatrick adds that the VA failed to request his official military personnel file and his service treatment records, which contain his prior diagnoses.  *Id.*  Although Kirkpatrick frames this argument as a legal question regarding the proper interpretation of § 3.156(c), the determinations he asks us to review are factual or applications of law to fact.  Specifically, Kirkpatrick's argument requires (1) reevaluating the evidence in the record to determine whether he is entitled to earlier effective dates and (2) reviewing and overturning the Veterans Court's determination that "all service records were received on March 18, 1986."  *Kirkpatrick*, 2020 WL 7021464, at *3.  We lack jurisdiction to review these determinations.  38 U.S.C. § 7292(d)(2); *see Malone v. Peake*, 300 F. App'x 901, 903 (Fed. Cir. 2008); *Jones v. Wilkie*, 918 F.3d 922, 925 (Fed. Cir. 2019) ("The completeness of the record presents a question of fact outside of this court's jurisdiction[.]").

Kirkpatrick relies heavily on *Moore v. Shinseki*, 555 F.3d 1369 (Fed. Cir. 2009), for the proposition that the VA must consider all submitted evidence.  *See* Appellant's Br. 6–10.  But *Moore* does not provide grounds for

jurisdiction over Kirkpatrick's first argument. There, we had jurisdiction over an appellant's challenge to the Veterans Court's interpretation of a statute as not requiring the VA to obtain service medical records that predate the effective date of a claim for benefits. *See Moore*, 555 F.3d at 1371–72. We agreed that the Veterans Court misinterpreted the statute. *Id.* at 1372–74. We then rejected the government's argument that the error was harmless because the government could not determine the relevance of unobtained service records without first examining them. *See id.* at 1374–75. By contrast, as noted, Kirkpatrick's first argument amounts only to challenges to the court's factual findings and its application of law to fact.

Second, Kirkpatrick challenges the Veterans Court's unstated invocation of the presumption of regularity to find that the VA mailed certain notices to him. Appellant's Br. 1, 4. Kirkpatrick asserts that "there is substantive evidence in the record to invalidate the VA's presumption of regularity[ ] concerning mailing and notices required by law." *Id.* at 4. Kirkpatrick refers to the absence of certain notices and letters from his claims file, which "may show that the mailing procedure was not performed regularly." *Id.*

This argument is not convincing. There is a presumption of regularity that, in the absence of clear evidence to the contrary, government officials have properly discharged their official duties. *See United States v. Chem. Found.*, 272 U.S. 1, 14–15 (1926). These duties include the VA's obligation to provide a claimant with notice of a decision affecting the provision of benefits. *Toomer v. McDonald*, 783 F.3d 1229, 1234–35 (Fed. Cir. 2015). The Veterans Court has held that a statement of nonreceipt alone is insufficient to rebut the presumption. *E.g., Romero v. Tran*, 33 Vet. App. 252, 264–65 (2021). Such a statement coupled with other evidence, such as "clear evidence to the effect that [ ]VA's 'regular' mailing practices are not regular or that they were not followed" may be enough. *E.g., id.*

Here, the Veterans Court neither implicitly nor explicitly invoked the presumption of regularity.[1] The Veterans Court "accept[ed] for the sake of argument [Kirkpatrick's] assertion that he did not receive proper notice" of the scheduling of his examinations in 1986. *Kirkpatrick*, 2020 WL 7021464, at *2. And the court concluded that the VA "properly mailed" its decision denying Kirkpatrick's 1986 claims because the court found that "[t]he decision was mailed to the same address that was noted on Mr. Kirkpatrick's application." *Kirkpatrick*, 2020 WL 7021464, at *1–2. Because the Veterans Court did not address the question of whether Kirkpatrick overcame the presumption of regularity, it did not make a decision that would grant us jurisdiction over that question under 38 U.S.C. § 7292(a).[2]

Third, Kirkpatrick argues that the Veterans Court denied him his right to due process. *See* Appellant's Br. 3. He principally contends that the VA's alteration of forms in 1986 is misconduct analogous to the material alterations of evidence in *Cushman v. Shinseki*, 576 F.3d 1290 (Fed. Cir. 2009), that constituted a due process violation. *See id.* at 14–15; Appellant's Reply Br. 7–9.

---

[1]    For the same reason, we find *Romero v. Tran*, 33 Vet. App. 252 (2021), the case on which Kirkpatrick relies, inapplicable. *See* Appellant's Br. 11–13 (quoting *Romero v. Wilkie*, 33 Vet. App. 84 (2020), *superseded by* 33 Vet. App. 252 (2021)).

[2]    Even if the Veterans Court invoked the presumption of regularity, Kirkpatrick's second argument raises a challenge to the court's application of law to fact—i.e., whether the evidence that Kirkpatrick presented rebutted the presumption. We lack jurisdiction to review the Veterans Court's factual findings and its weighing of the proffered evidence. *See Toomer v. McDonald*, 783 F.3d 1229, 1236 (Fed. Cir. 2015).

We have jurisdiction over this constitutional challenge under § 7292(d). *See Hudick v. Wilkie*, 755 F. App'x 998, 1004 (Fed. Cir. 2018). Although the government argues that the Veterans Court did not decide any constitutional issues for us to review, we disagree. The Veterans Court plainly considered Kirkpatrick's argument that alterations to internal agency documents in 1986 violated his right to due process.

Turning to the merits of Kirkpatrick's principal alleged due process violation, we find that the alterations to VA Form 70-7216a are not material for due process purposes. We have held that the presentation of improperly altered material evidence may constitute a due process violation. *Cushman*, 576 F.3d at 1300. "Alterations of evidence are material for due process purposes if there is a 'reasonable probability of a different result' absent those alterations." *Id.* Here, there is no dispute that the VA forms contained alterations to the examination request date and the scheduled examination date.[3] Appellant's Reply Br. 7. But, even considering the original dates, Kirkpatrick still missed his examinations and did not act on the VA's offer to reconsider the denial of his 1986 claims if he agreed to undergo an examination. Therefore, we see no reasonable probability

---

[3]    Kirkpatrick alleges that these changes were fraudulent because, according to contemporary news reporting and testimony before a Congressional committee, an adjudicating officer was generally engaging in misconduct. *See* Appellant's Br. 14–15; Appellant's Reply Br. 8–9. The Board found that these allegations of misconduct by an adjudicating officer who "signed one of the Veteran's examination requests" were not specific and did not relate directly to Kirkpatrick's claims. Respondent's Supplemental Appendix ("S.A.") 20, 23. Like the Veterans Court, we see no clear error in the Board's finding.

that the VA would have reached a different result on Kirkpatrick's 1986 claims absent the alterations.

We agree with the Veterans Court that the facts of this case are distinguishable from those in *Cushman*. In *Cushman*, the veteran sought total disability based on individual unemployability ("TDIU") benefits. 576 F.3d at 1293. Cushman's medical records at the time stated, "Is worse + must stop present type of work." *Id.* at 1292–93. The VA denied Cushman's claim based on an altered version of Cushman's medical records, which read, "Is worse + must stop present type of work, or at least [ ] bend [ ] stoop lift." *Id.* at 1293 (brackets in original indicating illegible or stray marks). We found a reasonable probability that Cushman's TDIU claim would have had a different result. *Id.* at 1300. Under the circumstances, a reasonable factfinder would have at least considered the substance of the altered medical record, which indicated that Cushman was more employable than the unaltered document did. *See id.* at 1300. As noted, here, there is no reasonable probability that Kirkpatrick's 1986 claims would have had a different result because, even considering the dates of the unaltered VA forms, Kirkpatrick still missed his examinations and did not notify the VA that he would appear for an examination.

## III. CONCLUSION

We have considered Kirkpatrick's remaining arguments, including his other allegations of due process violations, and find them to be without merit. For the foregoing reasons, we *affirm in part* and *dismiss in part* for lack of jurisdiction.

## AFFIRMED IN PART, DISMISSED IN PART

COSTS

No costs.